Timothy Lee SMITH, Plaintiff–Appellant,

v.

John LAMBERT; et al., Defendants–Appellees.

No. 00–35333.

D.C. No. CV–99–05046–LRS.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 25, 2001.

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Timothy Lee Smith appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging denial of access to the courts, violations of his Eighth Amendment right to be free from cruel and unusual punishment, and other constitutional violations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals pursuant to 28 U.S.C. § 1915(e)(2). *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order), *cert. denied,* 525 U.S. 1154, 119 S.Ct. 1058, 143 L.Ed.2d 63 (1999). We affirm.

■ Because Smith did not allege that an official knew of and disregarded a serious medical condition, the district court did not err by dismissing his claim for deliberate indifference to a serious medical need. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

■ Because Smith failed to allege an actual injury, the district court did not err by dismissing his claim of denial of access to the courts against defendant Frost. *See Lewis v. Casey,* 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

■ Because Smith did not allege that defendant Gleason's imposition of disciplinary proceedings against him imposed atypical and significant hardships on him in relation to the ordinary incidents of prison life, the district court did not err by dismissing his claim against Gleason. *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

■ Because Smith has no constitutionally protected right to vocational training, the district court did not err by dismissing his claim against defendants Wooten and

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Kerwin. *See Hoptowit v. Ray,* 682 F.2d 1237, 1254–55 (9th Cir.1982).

 Because Smith fails to show a causal connection between Day's conduct in calling Smith a "snitch" and any alleged constitutional violation, the district court did not err by dismissing his remaining claim against defendant Day. *See Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir.1988).

Because Smith's claim regarding the recission of good time credits necessarily implies the invalidity of the recission, the district court did not err by denying his motion for emergency injunctive relief regarding the recission of his good time credits. *See Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

Because Smith fails to allege specific factual allegations to state a claim under 42 U.S.C. § 1983, the district court did not err by dismissing his claims against defendants Stanley, Wood, and Lambert. *See Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir.1982).

 Because Smith has no constitutionally protected right to be housed in the institution of his choice, the district court did not err by dismissing his claims against all other defendants. *See Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

The dismissal of Smith's Eighth Amendment claim against defendant Day regarding the sanitary conditions of his cell is affirmed for the reasons stated in the magistrate judge's Report and Recommendation filed on December 10, 1999, and adopted by the district court in its order filed on February 14, 2000.

Because the complaint was dismissed without prejudice, Smith may be able to refile his complaint, correcting the deficiencies within the complaint.

Smith's March 26, 2001 "Motion to include memorandum in support" is denied.

AFFIRMED.